UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

UNITED STATES SECURITIES AND EXCHANGE  :
COMMISSION,  :
  :
         *Plaintiff*,  :
  :
      -v-  :    No. 19 Civ. 6387 (DLC)
  :
DONALD G. BLAKSTAD and  :
MARTHA PATRICIA BUSTOS,  :
  :
         *Defendants*.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS CONSENT MOTION TO INTERVENE AND FOR A STAY OF PROCEEDINGS

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

Edward A. Imperatore
Assistant United States Attorney
    *- Of Counsel -*

## PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its consent motion (i) to intervene in the above-captioned case (the "Civil Action"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay this matter in its entirety until the completion of the trial or other disposition in the parallel criminal case, *United States* v. *Donald Blakstad*, 19 Cr. 486 (ER) (the "Criminal Case").

The Criminal Case arises from the same set of facts and circumstances that underlie the Civil Action.   As a result, a full stay is especially appropriate because any exchange of discovery would be asymmetrical and would merely allow the defendant in the Criminal Action, Donald G. Blakstad, to circumvent the criminal discovery rules and improperly tailor his defense in the Criminal Case.   In similar situations, courts in this Circuit and others have entered a complete stay of parallel actions when there is a parallel criminal prosecution with overlapping defendants and facts, even over a defendant's objection.    *See*, *e.g*., *SEC* v. *Tuzman*, 15 Civ. 7057 (AJN), at 1 (S.D.N.Y. Mar. 1, 2016); *SEC* v. *Shkreli*, 2016 WL 1122029, at \*1 (E.D.N.Y. Mar. 22, 2016); *SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016); *Harris* v. *Nassau County*, 2014 U.S. Dist. LEXIS 94554, at \*10 (E.D.N.Y. 2014); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008).   For the reasons that follow, the Government respectfully requests that this Court enter an order staying this action until the completion of the Criminal Case.

Counsel for both defendants—Donald G. Blakstad and Martha Patricia Bustos— have advised the Government that they consent to the Government's motion to intervene and for

a complete stay.[1]   The SEC has advised the Government that it does not oppose the Government's motion.

## BACKGROUND

The Civil Action and the parallel Criminal Case arise out of the same underlying events.

On or about July 10, 2019, a criminal indictment, captioned *Untied States* v. *Donald Blakstad*, 19 Cr. 486 (ER) (the "Indictment") was unsealed.   The Indictment charges Blakstad with securities fraud, wire fraud, and conspiracy to commit those offenses, in violation of 15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. §§ 240.10b-5; 18 U.S.C. §§ 371, 1343, 1349, and 2, in connection with a scheme to trade in the securities of Illumina, Inc. ("Illumina"), a publicly traded company, from in or about 2016 through in or about 2018.[2]   On that same date, criminal charges against Martha Bustos, a former Illumina employee, were unsealed.   On or about June 28, 2019, Bustos was charged with and pled guilty, pursuant to a cooperation agreement with the Government, to conspiracy to commit securities fraud, substantive securities fraud, and conspiracy to commit wire fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. §§ 240.10b-5; 18 U.S.C. §§ 371, 1349, and 2, for her participation in the inside trading scheme with Blakstad.

On or about July 10, 2019, the same day that the Indictment was unsealed, the SEC filed a complaint in the Civil Action against Blakstad and Bustos, alleging that they participated in an insider trading scheme involving Illumina securities from in or about 2016 through in or about 2018.

---

1 On or about September 6, 2019, Eric Lipton, Esq., Blakstad's counsel in the Criminal Case, advised the Government by email that Blakstad consents to the Government's motion.   To date, no counsel has filed a notice of appearance on behalf of Blakstad in the Civil Action.

[2] A copy of the Indictment is attached hereto as Exhibit A.

A.       **Relevant Entitles and Individuals**

As alleged in both the Criminal Case and the Civil Action, Illumina, Inc. ("Illumina") was a biotechnology company headquartered in San Diego, California.  Illumina's stock traded on NASDAQ under the symbol "ILMN."

Bustos was an employee of Illumina.  At certain relevant times, Bustos was a certified public accountant who worked in Illumina's accounting department.  By virtue of her employment at Illumina, Bustos had access to material non-public information about Illumina's financial condition, including its earnings.

Blakstad was the owner and principal of an entity called Midcontinental Petroleum, Inc. ("Midcontinental Petroleum"), which purported to be in the business of soliciting investments in the oil and gas industry.

B.       **The Insider Trading Scheme**

The Criminal Case and the Civil Action involve the very same inside trading scheme, involving the same participants (Blakstad and Bustos), during the same period of time.

On multiple occasions, from 2016 through 2018, Blakstad obtained inside information about Illumina's financial condition from Bustos before Illumina publicly announced its quarterly financial results.   As Blakstad knew, Bustos owed a duty to keep inside information about Illumina confidential.

Blakstad, aware of Bustos's breach of duty to Illumina, used this inside information to make profitable trades in Illumina securities.   At times, Blakstad tipped his associates so that they could trade Illumina stock and options based on the inside information.   At other times, in order to avoid detection, Blakstad arranged for his associates to purchase Illumina securities for Blakstad's benefit in accounts controlled by his associates.

Following the public announcement of Illumina's earnings, Blakstad and his associates sold the Illumina securities at a significant profit, sometimes exceeding more than 2,000 percent.   In total, Blakstad and his associates made more than $6 million in profits from purchasing and selling Illumina securities.

## ARGUMENT

The Government's requests to intervene and for a complete stay of the Civil Action should be granted.   If this case were to proceed, there would be a risk of significant interference with the Criminal Case.   A complete stay of discovery would prejudice no party to the Civil Action; would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; and would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the Criminal Case.   As noted above, Blakstad, and Bustos, through their respective counsel, consent to a complete stay of the Civil Action.   The SEC does not oppose the Government's motion.

## POINT I

## THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests."   Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."   The Government respectfully submits that its application satisfies both of these provisions given the effect the Civil Action would have on the Criminal Case and the similarity of claims and facts between the parallel

proceedings.

As a general rule, courts "have allowed the government to intervene in civil actions — especially when the government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp*., 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988). Indeed, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is . . . already underway that involves common questions of law or fact." *SEC* v. *Downe*, 1993 WL 22126, at *11 (S.D.N.Y. June 26, 1993); *see also First Merchs. Enter.,* v. *Shannon*, 1989 WL 25214 (S.D.N.Y. Mar. 16, 1989) (allowing intervention); *Governor of the Fed'l Reserve Sys.* v. *Pharaon*, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

Blakstad, and Bustos, through their respective counsel, consent to the Government's request to intervene pursuant to Rule 24(b). The SEC does not oppose the Government's request.

## POINT II

## A COMPLETE STAY OF THE CIVIL ACTIONS IS WARRANTED

### A.    Applicable Law

This Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of the parallel criminal trial.    *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"    *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)).    In evaluating whether to grant such a stay, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC* v. *Treadway*, 2005 WL 713826, at *2-*3 (S.D.N.Y. Mar. 30, 2005) (quoting *In re Worldcom, Inc. Secs. Litig.*, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also SEC* v. *Tuzman*, 15 Civ. 7057 (AJN), at 2; *Volmar Distrib., Inc.* v. *New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).    "Balancing these factors is a case-by-case determination."    *Volmar Distrib.*, 152 F.R.D. at 39.    But the factors "can do no more than act as a rough guide for the district court as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would

work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton*, 676 F.3d at 99.   The Court's "decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* (quotation marks omitted).

**B.    Discussion**

Application of each of these factors here weighs in favor of the stay sought by the Government.

**1.    The Extent of Overlap**

That the Criminal Case and the Civil Action involve the same insider trading scheme, the same participants, the same time period, and the same factual background.   The identical facts and issues at play in both cases weigh heavily in favor of a stay.   "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.,* 152 F.R.D. at 39 (*citing* Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker* v. *Dawson*, 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (same); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.")

Here, as described above, the Criminal Case and the Civil Action involve the very same insider trading scheme, and virtually identical facts, witnesses, and issues.   As a result, this factor weighs heavily in favor of a stay. *See, e.g., Shkreli*, 2016 WL 1122029, at *4; *Tuzman,* 15 Civ. 7057 (AJN), at 3.

### 2.        The Status of the Criminal Case

The filing of the Indictment in the Criminal Case is also a factor that weighs in favor of a stay.   *Cf. Shkreli*, 2016 WL 1122029, *4 ("[T]he strongest argument for granting a stay is where a party is under criminal indictment." ); *In re Par Pharm., Inc. Secs. Litig*., 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("Indeed, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment").   As the court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*:

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see also Tuzman*, No. 15 Civ. 7057 (AJN), at 3 (an indictment normally weighs heavily in favor of a stay absent particular facts indicating that the criminal case may not be resolved expeditiously).

Here, Blakstad has been indicted and was arrested on July 10, 2019.   The Criminal Case is likely to proceed expeditiously.   An initial pretrial conference before Judge Ramos was held in August 2019, and a second conference is scheduled for October 24, 2019.   The Government has already produced discovery to Blakstad.   In these circumstances, the factors discussed above in *Trustees of Plumbers* apply with full force here.

### 3.        The Plaintiff's Interests

The SEC has indicated that it does not object to the requested order to stay this case. Therefore, there can be no argument that there would be prejudice to the plaintiff by staying this

action.   *See Shkreli*, 2016 WL 1122029, at *5 (citing cases).

### 4.     The Defendants' Interests

As noted above, Bustos and Blakstad, through their respective counsel, Peter Till, Esq. and Evan Lipton, Esq., consent to the Government's motion for a complete stay of the Civil Action.

There is very little, if any, prejudice to the parties that would result from the stay sought by the Government.    Defendants in parallel criminal cases typically have an interest in not being deposed because, if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case.   *See Baxter* v. *Palmigiano*, 425 U.S. 308, 318 (1976) (Fifth Amendment does not forbid adverse inferences against parties to civil actions).    But as one district court recently noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants."   *SEC* v. *Nicholas*, 569 F. Supp. 2d. 1065, 1070 (C.D. Cal. 2008); *see also SEC* v. *Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2006) (JSR) (noting that in a prior civil case, *SEC* v. *The Oakford Corp.*, 181 F.R.D. 269 (S.D.N.Y. 1998) (JSR), Judge Rakoff had stayed deposition discovery because there was a high likelihood that invocations of the Fifth Amendment privilege would "play havoc with the orderly conduct" of the depositions, but Judge Rakoff allowed depositions to proceed in *Saad* because none of the defendants was going to invoke the Fifth Amendment privilege).

As a result, in this instance, granting a stay of the Civil Action to permit the Criminal Case to proceed to its conclusion would actually benefit Blakstad, because such a stay obviates forcing him to make the choice between being prejudiced in the Civil Action if he asserts

his Fifth Amendment rights or being prejudiced in the Criminal Case if he waives those rights.   A stay likewise would not prejudice Bustos, who has already pled guilty for her participation in the insider trading scheme.

Moreover, any potential concerns about the loss of evidence, *see Trustees of Plumbers*, 886 F. Supp. at 1140, are inapposite because Blakstad, who has been indicted, will very soon receive documents and other materials as part of the Government's Rule 16 discovery, most (if not all) of which also pertain to the Civil Action.   Furthermore, the substantial overlap in witnesses eliminates any potential concerns about memories fading because interview notes and trial testimony in the Criminal Case will preserve the memories of the witnesses in this action. *See Tuzman*, 2016 WL 1122029, at *6.

### 5.      The Court's Interests

Considerations of judicial economy also weigh in favor of granting a stay.   Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action.   *See SEC* v. *Contorinis*, 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 U.S. Dist. LEXIS 162772, at *12 (S.D.N.Y. Nov. 9, 2012) ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the Criminal Case's outcome will undoubtedly affect the conduct, scope, and result of the Civil Action, thereby streamlining issues in this matter and avoiding duplication of effort and judicial resources, this factor favors the Government's application.

6.        **The Public Interest**

The Government and the public have an important interest in insuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery — restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence, or intimidate witnesses.   *See United States* v. *Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States* v. *McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Rule 16 of the Federal Rules of Criminal Procedure expressly limits the documents that are subject to discovery in a criminal case and further states that it does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500."   Fed. R. Crim. P. 16(a)(2).   Title 18, United States Code, Section 3500 provides that in criminal cases, the statements of Government witnesses — such as witness testimony taken by the SEC — shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."   The public policy against premature disclosure of the Government's criminal case is so strong that

- 11 -

courts are without power to order early production of witness statements.   *See United States* v. *Taylor*, 802 F.2d 1108, 1117-18 (9th Cir. 1986).   Moreover, except under "exceptional circumstances" and pursuant to court order, the criminal rules do not provide for depositions as a means of discovery.   *See In re Ahead By A Length, Inc.*, 78 B.R. 708, 711 (S.D.N.Y. 1987); Fed. R. Crim. P. 15.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant.   *See SEC* v. *Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc.* v. *Heinrich*, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without a stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Governor of the Fed'l Reserve Sys.* v. *Pharaon*, 140 F.R.D. at 639 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant").   That interest is especially strong here, where Blakstad has already been indicted and the Government is about to produce discovery in the Criminal Action.

*          *          *

In sum, because there is virtually complete overlap between the parallel

- 12 -

proceedings; Blakstad has already been indicted in the Criminal Case, which is proceeding in this District; Blakstad and Bustos consent to the stay and will suffer no prejudice; there is a strong public interest in preventing the civil discovery rules from being used to improperly circumvent criminal discovery rules; any discovery would be improperly asymmetrical; and a resolution of the Criminal Case will preserve judicial resources and streamline this action, the balance of factors overwhelmingly favors the requested discovery stay.

## CONCLUSION

For these reasons, the Government respectfully requests that its application, with the consent of both defendants and no opposition from the SEC, to intervene and for a complete stay of discovery be granted in its entirety.

Dated: New York, New York
      September 9, 2019

                              Respectfully submitted,

                              GEOFFREY S. BERMAN
                              United States Attorney

            By:     /s/ Edward Imperatore
                              Edward A. Imperatore
                              Assistant United States Attorney
                              United States Attorney's Office
                              One Saint Andrew's Plaza
                              New York, New York 10007
                              (212) 637-2327